## STATE OF CONNECTICUT *v.* DAVID PAGANO

### REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 13, 1967

*Joseph S. Dobrowolski,* of New Haven, for the defendant.

*George McManus, Jr.,* assistant prosecuting attorney, for the state.

BY THE DIVISION. The defendant, sixteen years of age, was convicted by the court of breach of the peace in violation of § 53-174 of the General Statutes, which prescribes a penalty of a fine of not more than $500 or imprisonment for not more than one year or both. The court committed the defendant to the Connecticut reformatory, which constituted an effective sentence of not more than two years, with eligibility for parole after nine months, under the parole rules in effect at the reformatory. He was represented at his trial by his father, a layman.

The defendant, on June 27, 1966, was at a beach in the Momauguin section of East Haven. The defendant threw Kevin Finucane's sneakers in the water, as a result of which an argument ensued between them. The defendant pushed Kevin to

the ground and hit him with his hands in the head and face. Kevin tried to hit back. Two girls at the beach stopped the fight by pulling the defendant off Kevin. The testimony of the witnesses as to the number of blows struck was in conflict. Kevin had a stick in his hand, but there was a conflict in the testimony as to when he dropped it.

Section 54-109 provides as follows: "No defendant convicted of any crime . . . the punishment for which may include imprisonment for more than one year, shall be sentenced . . . until a written report of investigation by a probation officer has been presented to and considered by the court . . . ." Section 17-391 provides that an offender sentenced to the reformatory "may be detained in the reformatory not more than two years." We are of the opinion that before the court exercised its power to sentence the defendant to the reformatory for not more than two years for an offense with a prescribed penalty of not more than one year, it should have ordered a presentence investigation and report.

The court was orally informed that the defendant was previously placed on probation for a shoplifting offense, in respect to which he received a suspended thirty-day sentence, and also on another occasion, when his father was the complaining party, for injury to private property and breach of the peace.

Considering the nature of the offense, which arose out of a fight between two boys in which the boy struck by the defendant was not seriously injured, a sentence of not more than two years, without possibility of parole for nine months, was too severe, and ought to be modified. The defendant has been confined in the reformatory since August 11, 1966, a period of more than five months, and we believe

he has been sufficiently punished for the offense which he committed.

It is ordered that the balance of the sentence imposed by the Circuit Court in this case be suspended and the defendant be released from custody.

PALMER, HEALEY and BARBER, Js., participated in this decision.